UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CALVIN GRAYER | CIVIL ACTION NO. 08-2033-P |
| VERSUS | JUDGE HICKS |
| WARDEN STEVE RISNER, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

STATEMENT OF CLAIM

Before the Court is a civil rights action filed in forma pauperis by pro se plaintiff Calvin Grayer ("Plaintiff"), pursuant to 42 U.S.C. §1983.[1] This complaint was received and filed in this Court on December 31, 2008. Plaintiff is incarcerated at the Bayou Dorcheat Detention Center in Minden, Louisiana. He names Warden Steve Risner and Captain John Lewis as defendants.

Plaintiff claims he was transferred to the Bayou Dorcheat Correctional Center on September 26, 2008 in order to participate in a work release program. Plaintiff claims Captain John Lewis locked him down in administrative segregation for 33 days without cause after he filed a grievance in the administrative remedy procedure. He claims 30 inmates signed the grievance and only 11 were placed in administrative segregation. He claims he was never brought before the disciplinary board.

---

[1] Plaintiff has also raised claims regarding discrimination and conditions of confinement which will be addressed in a separate memorandum order.

Plaintiff claims that he was housed in general population even though he is a work release inmate.

Accordingly, Plaintiff seeks monetary damages and a transfer to another facility or a halfway house.

## LAW AND ANALYSIS

**Due Process in the Disciplinary Process**

Plaintiff claims he was placed in administrative segregation for 33 days without cause and without a disciplinary hearing. To the extent Plaintiff contends he was punished without due process, that claim is not cognizable.

In Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431. Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests

which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff in the instant case does not allege that the disciplinary action affected the duration of his sentence or that the disciplinary action was atypical of the prison environment. To the contrary, Plaintiff's allegations concern the placement in administrative segregation which is far from "extraordinary." This Court finds that under Sandin, Orellana and Madison, the placement in administrative segregation for 33 days does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Accordingly, Plaintiff's claims that he was punished without due process of law are without merit and should be dismissed with prejudice as frivolous.

**Classification**

Plaintiff claims he was housed in general population even though he is a work release inmate. This is not a claim that this Court can resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this Court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

Accordingly, Plaintiff's claim regarding his classification in general population is frivolous because it lacks an arguable basis in law and in fact, and it should be dismissed with prejudice.

**Retaliation**

Plaintiff claims he was placed in administrative segregation in retaliation for his filing of a grievance in the administrative remedy procedure. Plaintiff claims he and 29 other inmates filed a grievance in the administrative remedy procedure. He claims he and ten other inmates were then placed in administrative segregation for 33 days by Captain John Lewis when he received the grievance. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–the placement in administrative segregation-

would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this motive he would not have been placed in administrative segregation. In fact, Plaintiff admits that 19 other inmates who signed the grievance filed in the administrative remedy procedure were not placed in administrative segregation after Captain John Lewis received the grievance.

Accordingly, Plaintiff's claim regarding retaliation should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's due process claims, classification claims, and retaliation claims are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of October, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE